# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF LESSIE MAE BROWN, <br> Plaintiffs, <br> <br> v. <br> <br> JOHN J. KORESKO, V, ET AL., <br> Defendants. | : <br> : <br> :    CIVIL ACTION <br> : <br> :    NO. 09-6059 <br> : <br> : |

## ORDER

AND NOW, this _1st_ day of April, 2010, upon consideration of Plaintiffs' Motion for Remand (Doc. 3) and Defendants' Response in Opposition thereto (Doc. 5), **IT IS HEREBY ORDERED and DECREED** that Plaintiffs' Motion is **GRANTED.**[1]

---

[1] On November 25, 2009, Plaintiff initiated this breach of contract action in the Montgomery County Court of Common Pleas against Defendants for allegedly improperly retaining asserts belonging to the Trust of Lessie Mae Brown. Hubert Brown, a citizen of Kansas, is trustee of the Lessie Mae Brown Trust. On December 18, 2009, Defendants, citizens of Pennsylvania, removed the matter to federal court of the basis of diversity jurisdiction. The parties debate whether the amount in controversy and the diversity of citizenship requirements of removal diversity jurisdiction were met. Even assuming arguendo that both elements of diversity jurisdiction were satisfied, the Court would still conclude that removal was improper based on the forum defendant rule.

"Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*." Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995). Federal district courts have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions. See 28 U.S.C. §§ 1331-1332. The party moving for removal bears the burden of showing that removal is appropriate. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Cases removed to federal court are subject to remand under 28 U.S.C. § 1447(c). The district court must grant a motion to remand "[i]f at any time before final judgment it appears that the . . . court lacks subject matter jurisdiction ..." 28 U.S.C. § 1447(c). See also Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997) (citing Int'l Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991)). Jurisdiction must be evaluated "according to the plaintiff's pleading at the time of the petition for removal." Abels, 770 F.2d at 29. The removal statutes are to be strictly construed and all doubts should be resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ., to the district court for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). 28 U.S.C. § 1332 gives the district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

28 U.S.C. § 1441(b), however, provides a restriction on removal in some diversity cases known as the "forum defendant rule." Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 642 (D.N.J. 2008). Specifically, Section 1441(b) provides that

**IT IS FURTHER ORDERED** that the above-captioned case is **REMANDED** to the Court of Common Pleas of Montgomery County. The Clerk of the Court shall return the record in this case to the state court and mark this action as **CLOSED**.

**BY THE COURT:**

*/s/ Petrese B. Tucker*

**Hon. Petrese B. Tucker, U.S.D.J.**

---

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added).

"In diversity cases, removal jurisdiction was designed to protect nonresident defendants from any perceived prejudice or preference of the state court regarding the resident plaintiffs." Davenport v. Toyota Motor Sales, USA, Inc., No. 09-cv-532-JPG, 2009 WL 4923994, at *2 (S.D. Ill. Dec. 14, 2009). See also McSparran v. Weist, 402 F.2d 867, 876 (3d Cir.1968) ("one of the reasons underlying diversity jurisdiction [is] the prevention of discrimination against out-of-state litigants"); Copley v. Wyeth, Inc., No. 09-722, 2009 WL 1089663, at *1 (E.D. Pa. Apr. 22, 2009) ("This [Section 1441(b)] limitation exists because '[t]he purpose of diversity jurisdiction is to avoid prejudice against out-of-state defendants.'") (internal citations omitted). "The forum defendant rule reflects the notion that there is no concern about favoritism by local courts towards a nonresident plaintiff, so there is no need to protect a resident defendant by allowing resort to federal court." Davenport, 2009 WL 4923994, at *2. "Where the plaintiff is a nonresident but has chosen to sue in a defendant's home state court, there is no need to protect the resident defendant from the prejudices of its own local courts." Davenport, 2009 WL 4923994, at *3. In sum, even when there is complete diversity among the parties, the matter in controversy exceeds $75,000, and all defendants were properly joined and served, a case may not be removed to federal court if one of the defendants is a citizen of the state in which the initial action was brought. See 28 U.S.C. § 1441(b). Because this case was initiated in Pennsylvania, this case may not be removed unless all Defendants are citizens of a state other than Pennsylvania.

Here, this action was initiated in Pennsylvania state court and both Defendants are citizens of Pennsylvania. Thus, removal to federal court was improper under the forum defendant rule because both of the parties in interest properly joined and served as defendants are citizens of the State in which the action was brought. As this Court's authority to hear the case was based solely on removal diversity jurisdiction, and that removal was improper, this Court lacks subject matter jurisdiction. Without subject matter jurisdiction, the Court is compelled to remand the case pursuant to 28 U.S.C. § 1447(c). This decision is consistent with the Third Circuit's policy of strictly construing removal statutes.

Notably, Defendants, in their Response to Plaintiff's remand motion assert, for the first time, federal-question jurisdiction based on the Federal Arbitration Act ("FAA"). The Court finds Defendants' argument wholly without merit. The United States Supreme Court has made clear that the FAA does not supply an independent basis of federal jurisdiction. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983) ("[The FAA] creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 ... or otherwise."); V.I. Hous. Auth. v. Coastal Gen. Constr. Servs. Corp. et al., 27 F.3d 911, 915 (3d Cir.1994)("[The FAA] does not supply federal jurisdiction where it does not otherwise exist.").